# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **B.L.**

**No. 15-0998** (Wood County 09-JA-121)

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.H., by counsel Michael D. Farnsworth Jr., appeals the Circuit Court of Wood County's September 8, 2015, order terminating his parental rights to B.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Rhonda L. Harsh, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that the conditions of abuse or neglect could be corrected in the near future and failing to impose the least restrictive alternative.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2009, the DHHR filed an abuse and neglect petition alleging that petitioner abused B.L. during a weekend visit by hitting him on the buttocks with his hands and leaving bruises on him. The DHHR further alleged that petitioner hit B.L., then two years old, as punishment for urinating in his pants. Petitioner was later charged with child abuse resulting in injury and domestic battery as a result of the incidents with B.L. Petitioner pled guilty to domestic battery and was placed on home incarceration.

In January of 2010, the circuit court held an adjudicatory hearing wherein petitioner admitted to striking B.L. While petitioner admitted to striking B.L., he testified that he did not

---

[1]The minor child that is the subject of this case was referred to both as B.H. and B.L. during the abuse and neglect proceedings but it is, nevertheless, the same child.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

think he did anything wrong and did not believe that B.L.'s punishment was excessive. The circuit court found that petitioner knowingly and intentionally inflicted physical injury on B.L. Subsequent to his adjudication, petitioner was charged with an unrelated burglary. Petitioner was convicted of burglary and placed on home incarceration.

In March of 2010, the circuit court held a dispositional hearing. Petitioner moved the circuit court for a post-adjudicatory improvement period, and the circuit court denied petitioner's motion based upon his refusal to acknowledge that his actions constituted child abuse. The circuit court found that petitioner could not correct "what he refused to admit to" and continued placement in petitioner's home was not in B.L.'s best interest. The circuit court also found that no bond existed between petitioner and B.L. The circuit court terminated petitioner's custodial rights and responsibilities to B.L. by order dated March 19, 2010. Additionally, the circuit court noted that the last contact between petitioner and B.L. led to the filing of the instant petition. The circuit court left the issue of future contact between petitioner and B.L. open upon a showing that petitioner "[could] be appropriate around the child."

In January of 2011, petitioner filed a motion to modify the dispositional order and for a post-adjudicatory improvement period. Petitioner argued that he demonstrated his responsibility for the "incident alleged in the [p]etition" by pleading guilty to domestic battery. After a hearing on the motion, the circuit court ordered that petitioner undergo psychological, psychiatric, and domestic violence evaluations. The circuit court also ordered that petitioner could begin parenting classes and individual counseling. Between May and December of 2011, the circuit court held a series of status hearings regarding petitioner's motion for an improvement period. The circuit court ultimately granted petitioner's request for an improvement period and approved the terms and conditions, which included supervised visits with B.L. Petitioner participated in his improvement period for approximately seven months before his home incarceration was revoked and he was incarcerated. Based upon petitioner's incarceration, the circuit court found that he was unable to complete his improvement period and denied his petition for modification. The circuit court also found that petitioner could move to modify the dispositional order again upon his release from incarceration. Petitioner discharged his sentence in January of 2015.

In July of 2015, petitioner filed a motion to modify the dispositional order and renewed his request for an improvement period. A hearing on his motion was held in August of 2015. Petitioner admitted that he had not seen B.L. in more than four years and admitted to being in multiple fights while incarcerated. B.L.'s mother also testified that petitioner had not contacted B.L. in two years. Based on the evidence presented, the circuit court found that petitioner had not learned "to control his anger and not to use violence." The circuit court also found that he had no contact with B.L. for two years. The circuit court noted that petitioner's uncontrolled anger was reflected in his comments that the abuse was "nonsense stuff" and "back whenever [he] was growing up there was never these dumb laws in place." The circuit court considered petitioner's criminal history and history of violence and determined that no evidence existed to constitute a change in circumstances that would justify a modification of the dispositional order. The circuit court also concluded that there was no reasonable likelihood that the conditions of abuse or neglect could be corrected in the near future and that it was in B.L.'s best interest to terminate petitioner's parental rights. The circuit court denied petitioner's motion to modify and terminated his parental rights by order dated September 8, 2015. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that his "performance during his improvement period in 2011 was remarkable" until he was incarcerated for burglary and, thus, the circuit court erred in terminating his parental rights. Petitioner contends that he demonstrated through his improvement period that he would change his behavior to "conform to appropriate parenting and disciplinary practices."

Petitioner's motion to modify the dispositional order was premised upon West Virginia Code §49-4-606(a) which provides that a circuit court "may modify a dispositional order if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests." West Virginia Code §49-4-606(a) clearly provides two prerequisites to modification of disposition. First, there must be a showing of material change in circumstances and second and there must be evidence that an alteration must serve the best interests of the child.

Based upon the statutory mandates outlined above, the March 19, 2010, disposition in this case terminating petitioner's custodial rights, could be modified only if a circuit court found that there has been both a change in circumstances and that modification is in the child's best interests. Petitioner alleged in his motion to modify that a substantial change in circumstances occurred solely based upon his release from incarceration. The record in this case, however, reveals insufficient evidence to support a conclusion that there was a substantial change in petitioner's circumstances based upon his release from incarceration. It is clear from his testimony that petitioner failed to make any progress toward remedying the issues that led to B.L.'s abuse. According to petitioner's testimony regarding the abuse, he stated that he was incarcerated for this "nonsense stuff" and "back whenever [he] was growing up there was never these dumb laws in place." He further stated that he did not believe that he excessively disciplined B.L. or that what he did was wrong. Petitioner admitted that while incarcerated he was in multiple fights and was arrested for domestic battery after his release from incarceration. Petitioner also admitted that he was not parole eligible "for a long time" because he "kept getting into fights." Based on the evidence presented, the circuit court correctly concluded that petitioner

had not learned to control his anger or violent behavior and, thus, denied his motion to modify the dispositional order.

Additionally, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

The evidence on the record supports the circuit court's determination that petitioner could not implement anything he learned during his improvement period in 2011 and failed to improve his attitude and approach to parenting.

Moreover, the circuit court correctly terminated petitioner's parental rights upon its finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect and that termination was in B.L.'s best interest. In accordance with West Virginia Code § 49-4-604(b)(6), upon such a finding, circuit courts are directed to terminate parental rights.

Petitioner also argues that the circuit court erred in terminating his parental rights because there were less restrictive alternatives available. Petitioner contends that the circuit court failed to consider any of his efforts to "attain the goals of his improvement period and modify his behavior." Regarding less restrictive alternatives, we have held that "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened . . . ." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980). Here, the circuit court was presented with sufficient evidence to make this finding. Simply put, petitioner continued to engage in angry and violent behavior, failed to improve his attitude and approach toward parenting, and made no effort to contact B.L. after he was incarcerated. Thus, considering the evidence before it, the circuit court correctly terminated petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 8, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**


**CONCURRED IN BY**:

4

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II